**In the Matter of: TODHUNTER BROTHERS GLASS, INC.,**
**Debtor,**

v.

**Todhunter Brothers Glass, Inc., Appellee.**

**No. 07–35350.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2009.

Filed June 26, 2009.

Michael Howard Korpi, Esq., Smith McKenzie Rothwell & Barlow, PS, Seattle, WA, for Appellants.

Judd H. Lees, Esq., Williams Kastner & Gibbs, PLLC, Seattle, WA, Steven C. Hathaway, Esq., Law Office of Steven C. Hathaway, Bellingham, WA, for Appellee.

Before: CANBY, THOMPSON and CALLAHAN, Circuit Judges.

MEMORANDUM *

The Board of Trustees of the Glassworkers Industry Health & Security Trust Fund, the Puget Sound Northwest Glaziers and Apprenticeship Training Trust,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**606**

and the Western Glaziers & Glassworkers Retirement Trust (collectively "the Trusts") appeal the district court's decision affirming the bankruptcy court's ruling excluding their proof of claim in a Chapter 11 proceeding involving Todhunter Brothers Glass, Inc. ("Todhunter Brothers"). We affirm.

The bankruptcy judge did not clearly err in determining that Todhunter Brothers had not adopted the 2001 collective bargaining agreement by conduct. *See In re Coleman*, 560 F.3d 1000, 1003 (9th Cir. 2009) (holding that the bankruptcy court's factual findings are reviewed for clear error).

Therefore, there was no collective bargaining agreement in effect following the expiration of the 1999 collective bargaining agreement. Accordingly, any claims for contributions arising after the expiration of the 1999 collective bargaining agreement fell within the exclusive jurisdiction of the NLRB. *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 207, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991). The state court lacked jurisdiction to enter summary judgment in favor of the Trusts on these claims. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). Thus the bankruptcy court did not err in denying the Trusts' proof of claim, which was based on the state court's judgment.

AFFIRMED.